# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:03-cr-52-01

ROBERT COLVIN,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 139), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 142). The Court has subsequently received materials submitted by the Probation Office and the parties on this issue.

The Defendant was originally sentenced to one hundred twenty (120) months in prison, which is the mandatory minimum sentence for a conviction of conspiracy to distribute fifty (50) grams or more of cocaine base. (Document 48). At the original sentencing, Defendant's total

offense level of twenty-nine (29) combined with a Criminal History Category II, produced a guideline range of ninety-sever to one hundred twenty-one (97 to 121) months. However, the applicable statute provided for a mandatory minimum sentence of ten (10) years. Therefore, Defendant's guideline range became one hundred twenty to one hundred twenty-one (120 to 121) months of imprisonment. Applying the 2011 amendments to the guidelines, Defendant's guideline range would be reduced. However, as he concedes, under the amended guidelines, the Defendant is still subject to the ten year mandatory minimum sentence required by statute. (*See* Memorandum of Defendant (Document 144) at 2.) Therefore, Defendant is not eligible for a sentence reduction. In its written response, the United States also acknowledges that the Defendant is not eligible for a sentence reduction. (Document 143). For these reasons, the Court **ORDERS** the § 3582 Motion (Document 139) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: January 18, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA